Jocelyn A. Merced, Esq.
**OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 656-1600 (Telephone)
(973) 656-1611 (Facsimile)
Jocelyn.Merced@ogletreedeakins.com
*Attorneys for Defendants*
*Marcus & Millichap Real Estate Investment Services, Inc.;*
*Hessam Nadji and J.D. Parker*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL FASANO, | : | |
| | : | Hon. _____ |
| Plaintiff, | : | Civil Action No. _____ |
| | : | |
| v. | : | |
| | : | |
| MARCUS & MILLICHAP REAL ESTATE | : | |
| INVESTMENT SERVICES, INC., ITS | : | **NOTICE OF REMOVAL & LOCAL CIVIL** |
| PARENT AND SUBSIDIARY ENTITIES; | : | **RULE 11.2 CERTIFICATION** |
| HESSAM NADJI, IN HIS | : | |
| PROFESSIONAL CAPACITY AND | : | |
| PERSONALLY; J.D. PARKER, IN HIS | : | |
| PROFESSIONAL CAPACITY AND | : | |
| PERSONALLY; JOHN DOES 1-10; JOHN | : | |
| DOES 1-10; JANE DOES 1-10; ABC | : | |
| CORPORATIONS. (FICTITIOUS | : | |
| CORPORATIONS 1-10), | : | |
| | : | |
| Defendants. | : | |

**TO:   CHIEF JUDGE AND JUDGES OF
        THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

Philip E. Stern, Esq.
DiFrancesco Bateman Kunzman Davis
Lehrer & Flaum, P.C.
15 Mountain Boulevard
Warren, New Jersey 07059
*Attorneys for Plaintiff, Michael Fasano*

Michelle M. Smith, Esq., Clerk
The Superior Court of New Jersey
Richard J. Hughes Justice Complex
6th Floor North Wing
P.O. Box 971
Trenton, New Jersey 08625

Clerk, Superior Court of New Jersey
Law Division – Bergen County
10 Main St.
Hackensack, NJ 07601

**HONORABLE JUDGES:**

Defendants Marcus & Millichap Real Estate Investment Services, Inc. ("M&M"); Hessam Nadji ("Nadji") and J.D. Parker ("Parker") (collectively "Defendants") hereby notice the removal of this action from the Superior Court of New Jersey, Law Division, Bergen County, in which it is pending, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds therefore show as follows:

**I.      TIMELINESS OF REMOVAL**

1.      Plaintiff Michael Fasano ("Plaintiff") filed this civil action on July 2, 2021, by filing a Complaint against Defendants in the Superior Court, Law Division, Bergen County, captioned *Michael Fasano v. Marcus & Millichap Real Estate Investment Services, Inc.*, Docket No.: BER-L-4353-21 (hereinafter referred to as the "State Court Action"). A copy of the Summons, Complaint, Civil Case Information Statement, and Track Assignment Notice are attached hereto as Exhibit A.  These documents set forth the claims upon which Plaintiff's action is based and constitute all pleadings, process and other documents served to date in this action.

2.      Counsel for Defendants accepted service on behalf of Defendants on August 3, 2021. (*See* Exhibit B).

3.     Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after first service of the Summons and Complaint upon Defendants.

**II.     VENUE**

4.     The New Jersey Superior Court, Bergen County is located within the District of New Jersey, Newark Vicinage.  *See* 28 U.S.C. § 110.  Therefore, venue is proper in this Court because the State Court Action is being removed to the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**III.     BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

5.     This Court has original subject matter jurisdiction over this action under 28 U.S.C. §1332(a) because there is diversity of citizenship between Plaintiff and all Defendants and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This case is, therefore, properly removable under 28 U.S.C. § 1441(a).  This was true at the time of filing of the Complaint and remains true at the time of the filing of this Notice of Removal.

**A.     DIVERSITY OF CITIZENSHIP**

6.     Plaintiff's Complaint does not identify his state of citizenship.  According to M&M's records, Plaintiff is a citizen of the State of Georgia. (*See* Certification of Brenda Kent, ¶¶3-5; Exhibit C).

7.     A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or Foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation has its principal place of business where its high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve

center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend,* 559 U.S. 78 (2010).

8.      Defendant M&M is a California corporation and has its principal place of business in Calabasas, California. M&M is therefore a citizen of California within the meaning of 28 U.S.C. § 1332.

9.       Defendant Nadji is a citizen of the State of California.

10.      Defendant Parker is a citizen of the State of New York.

11.      Therefore, there is complete diversity of citizenship between Plaintiff and Defendants.

**B.      AMOUNT IN CONTROVERSY**

12.      Plaintiff's Complaint relates exclusively to his previous employment and/or association with M&M. Specifically, Plaintiff alleges claims for (1) age discrimination and retaliation in violation of the New Jersey Law Against Discrimination, N.J.S.A § 10:5-1, *et seq*. ("NJLAD"); (2) wrongful termination; (3) violation of the implied covenant of good faith and fair dealing; and (4) defamation. (*See* Exhibit A, Complaint).

13.      Plaintiff's Complaint seeks "compensatory damages, back pay, front pay, emotional distress, punitive damages, pre- and post-judgment interest, attorneys' fees, costs of suit, and such other relief as is just and equitable." (*See* Exhibit A, Wherefore Clauses of Complaint, pp. 7; 9-11).

14.      For purposes of removal, the amount in controversy in this matter is in excess of $75,000, exclusive of interests and costs. *See, e.g.*, *Huber v. Taylor*, 532 F. 3d 237, 244 (3d Cir. 2008) ("If appropriately made . . . claims for punitive damages will generally satisfy the amount in controversy requirement.") (internal citation omitted); *Zanger v. Bank of Am., N.A.*, No. 10-

cv-2480, 2010 WL 3910142, at *3 (D.N.J. Oct. 1, 2010) (finding claims for attorneys' fees and punitive damages are, to the extent asserted, presumed to satisfy the amount in controversy requirement); *Andrews v. Home Depot U.S.A., Inc.*, No. 03-cv-5200, 2010 WL 5464303, *3 (D.N.J. Dec. 29, 2010) (finding plaintiff's claim for compensatory and punitive damages and attorneys' fees more than satisfied the amount in controversy requirement for removal); *Raspa v. Home Depot*, 533 F.Supp. 2d 514, 522 (D.N.J. 2007) (punitive damages claim sufficient to meet amount in controversy and attorney's fees claims "alone can exceed six figures).

15.     In addition, where an action seeks damages for a significant injury, such as Plaintiff's claimed "shock," "embarrassment, humiliation, emotional harm and suffering, [and] psychological harm and injuries," it will generally satisfy the $75,000 threshold for diversity jurisdiction. *See, e.g.*, *Scioscia v. Target Corp.*, No. 08-cv-2593 (AET), 2008 WL 2775710 (D.N.J. July 14, 2008) (denying remand based, in part, on plaintiff's allegation of "significant" personal injury); *see also Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (where a complaint is silent on the amount in controversy, removal is proper unless it is a legal certainty that the plaintiff cannot recover the jurisdictional amount of $75,000). Here, Plaintiff's Complaint seeks compensatory damages.

16.     Based on the allegations of the Complaint, which seeks recovery of back pay, front pay, emotional distress damages, punitive damages and attorney's fees, the amount in controversy will exceed the sum or value of $75,000, exclusive of interest and costs.

## IV.     DEFENDANTS' COMPLIANCE WITH 28 U.S.C. § 1446(d)'s NOTICE REQUIREMENTS

17.     Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff's counsel of record in accordance with 28 U.S.C. § 1446(d).

18.    A true and correct copy of this Notice of Removal will also be promptly filed with the Clerk of Superior Court of New Jersey, Bergen County, Law Division, in accordance with 28 U.S.C. § 1446(d), as an attachment to Defendants' Notice of Filing of Notice of Removal. A true copy of this written notice, without attachments, is attached hereto as "Exhibit B".

## V. **CONCLUSION**

19.    This action is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441. The amount in controversy exceeds $75,000.  Defendants M&M and Nadji are citizens of California, Defendant Parker is a citizen of New York and Plaintiff is a citizen of Georgia. As such, there is complete diversity of citizenship.

20.    By removing this matter, Defendants do not waive, or intend to waive, any defenses it might have including, but not limited to, insufficiency of process and insufficiency of service of process and/or lack of personal jurisdiction, and reserve the right to assert all defenses herein.

**WHEREFORE**, Defendants respectfully request that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, County of Bergen, to the United States District Court for the District of New Jersey.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
*Attorneys for Defendants*

By:    <u>*s/Jocelyn A. Merced*</u>
        Jocelyn A. Merced
        10 Madison Avenue, Suite 400
        Morristown, New Jersey 07960
        jocelyn.merced@ogletreedeakins.com

Date: September 1, 2021

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

The undersigned counsel for Defendants certifies that the matter in controversy is not the subject of any other action pending in any court and Defendants know of no other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys for Defendants*

By:  *s/Jocelyn A. Merced*
Jocelyn A. Merced
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
jocelyn.merced@ogletreedeakins.com

Dated: September 1, 2021

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this action.  On this date, I served a true copy of

the attached:

**NOTICE OF REMOVAL & LOCAL CIVIL RULE 11.2 CERTIFICATION**

on the party listed below, via overnight mail, sent to his attorney of record:

> Philip E. Stern, Esq.
> DiFrancesco Bateman Kunzman Davis
> Lehrer & Flaum, P.C.
> 15 Mountain Boulevard
> Warren, New Jersey 07059
> *Attorneys for Plaintiff*

and, via overnight mail, upon

> Michelle M. Smith, Clerk
> Superior Court of New Jersey
> Hughes Justice Complex
> P.O. Box 971
> Trenton, New Jersey 08625

> Clerk, Superior Court of New Jersey
> Law Division  - Bergen County
> 10 Main Street
> Hackensack, NJ 07601

I declare under penalty of perjury that the foregoing is true and correct.

> *s/ Jocelyn A. Merced*
> Jocelyn A. Merced

Dated:  September 1, 2021

48378430.1