# EXHIBIT A

Philip E. Stern Esq. (Atty. No. 003641990)
**DIFRANCESCO, BATEMAN, KUNZMAN,**
**DAVIS, LEHRER & FLAUM, P.C.**
15 Mountain Boulevard
Warren, NJ 07059-5686
(908) 757-7800
Attorneys for Plaintiff, Michael Fasano

|  |  |
|---|---|
| MICHAEL FASANO,<br><br>         Plaintiff,<br><br>v.<br><br>MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES, INC., ITS PARENT AND SUBSIDIARY ENTITIES; HESSSAM NADJI, IN HIS PROFESSIONAL CAPACITY AND PERSONALLY; J.D. PARKER, IN HIS PROFESSIONAL CAPACITY AND PERSONALLY; JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS, (FICTITIOUS CORPORATIONS 1-10),<br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  BERGEN COUNTY<br>DOCKET NO.:  BER-L-004354-21<br><br><br>Civil Action<br><br>**SUMMONS** |

THE STATE OF NEW JERSEY

TO THE ABOVE-NAMED DEFENDANT: **HESSSAM NADJI**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy

clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: August 2, 2021                    Michelle M. Smith /s/
                                         Michelle M. Smith
                                         Clerk of the Superior Court

Name of defendant to be served:          **Hesssam Nadji**
Address for service:                     **c/o Jocelyn A. Merced, Esq.**
                                         **Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
                                         **10 Madison Avenue, Suite 400**
                                         **Morristown, NJ 07960**
                                         **Email: Jocelyn.merced@ogletree.com**

Philip E. Stern Esq. (Atty. No. 003641990)
**DIFRANCESCO, BATEMAN, KUNZMAN,**
**DAVIS, LEHRER & FLAUM, P.C.**
15 Mountain Boulevard
Warren, NJ 07059-5686
(908) 757-7800
Attorneys for Plaintiff, Michael Fasano

|  |  |
|---|---|
| MICHAEL FASANO,<br><br>     Plaintiff,<br><br>v.<br><br>MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES, INC., ITS PARENT AND SUBSIDIARY ENTITIES; HESSSAM NADJI, IN HIS PROFESSIONAL CAPACITY AND PERSONALLY; J.D. PARKER, IN HIS PROFESSIONAL CAPACITY AND PERSONALLY; JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS, (FICTITIOUS CORPORATIONS 1-10),<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  BERGEN COUNTY DOCKET NO.:  BER-L-004354-21<br><br><br>Civil Action<br><br>**SUMMONS** |

THE STATE OF NEW JERSEY

TO THE ABOVE-NAMED DEFENDANT: **J.D. PARKER**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy

clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated:  August 2, 2021

Michelle M. Smith /s/
Michelle M. Smith
Clerk of the Superior Court

Name of defendant to be served:        **J.D. Parker**
Address for service:                   **c/o Jocelyn A. Merced, Esq.**
                                       **Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
                                       **10 Madison Avenue, Suite 400**
                                       **Morristown, NJ 07960**
                                       **Email: Jocelyn.merced@ogletree.com**

Philip E. Stern Esq. (Atty. No. 003641990)
**DIFRANCESCO, BATEMAN, KUNZMAN,**
**DAVIS, LEHRER & FLAUM, P.C.**
15 Mountain Boulevard
Warren, NJ 07059-5686
(908) 757-7800
Attorneys for Plaintiff, Michael Fasano

| | |
|---|---|
| MICHAEL FASANO, <br><br> Plaintiff, <br><br> v. <br><br> MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES, INC., ITS PARENT AND SUBSIDIARY ENTITIES; HESSSAM NADJI, IN HIS PROFESSIONAL CAPACITY AND PERSONALLY; J.D. PARKER, IN HIS PROFESSIONAL CAPACITY AND PERSONALLY; JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS, (FICTITIOUS CORPORATIONS 1-10), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION:  BERGEN COUNTY <br> DOCKET NO.:  BER-L-004354-21 <br><br><br><br> Civil Action <br><br> **SUMMONS** |

THE STATE OF NEW JERSEY

TO THE ABOVE-NAMED DEFENDANT: **MARCUS & MILICHAP REAL ESTATE INVESTMENT SERVICES, INC.**

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer,

State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated:  August 2, 2021                  Michelle M. Smith /s/
                                        Michelle M. Smith
                                        Clerk of the Superior Court

Name of defendant to be served:         **Marcus & Milichap Real Estate Investment Services, Inc.**

Address for service:                    **c/o Jocelyn A. Merced, Esq.**
                                        **Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
                                        **10 Madison Avenue, Suite 400**
                                        **Morristown, NJ 07960**
                                        **Email: Jocelyn.merced@ogletree.com**

Philip E. Stern, Esq. (Atty. No. 003641990)
DiFrancesco Bateman Kunzman Davis
Lehrer & Flaum, P.C.
15 Mountain Boulevard
Warren, New Jersey 07059
Tel: (908) 757-77800
Fax: (908) 757-8039
*Attorneys for Plaintiff, Michael Fasano*

| | |
|---|---|
| MICHAEL FASANO, <br><br>      Plaintiff, <br><br> v. <br><br> MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES, INC., ITS PARENT AND SUBSIDIARY ENTITIES; HESSSAM NADJI, IN HIS PROFESSIONAL CAPACITY AND PERSONALLY;; J.D. PARKER, IN HIS PROFESSIONAL CAPACITY AND PERSONALLY; JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS. (FICTITIOUS CORPORATIONS 1-10), <br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY - LAW DIVISION DOCKET NO.: <br><br><br>       Civil <br>       Action <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Michael Fasano, ("Mr. Fasano") by way of Complaint against Marcus & Millichap Real Estate Investment Services, Inc., Its Parent And Subsidiary Entities; Hesssam Nadji, In His Professional Capacity And Personally; J.D. Parker, In His Professional Capacity And Personally; John Does 1-10; Jane Does 1-10; ABC Corporations. (Fictitious Corporations 1-10),(Collectively Referred To As "Defendants") asserts the following:

## BACKGROUND

1.  Mr. Fasano was employed by Defendants from 2001, until October 1, 2019, when Defendants terminated him.

2.  During all but the first three years of his employment with Defendants, Mr. Fasano served in managerial positions for Defendants.

3.  Throughout his employment with Defendants, Mr. Fasano earned the Defendants' respect and praise for his intelligence, his loyalty to Defendants, his business acumen, and the profitable work he consistently produced.  For example, during his career, Mr. Fasano solved a particularly troublesome issue facing Defendants' Company by regularly commuting from New Jersey to Atlanta, Georgia.  No task was too daunting or large for Mr. Fasano to successfully complete.   Mr. Fasano was a highly trusted and respected employee, whose work Defendants rewarded throughout his employment.

4.  On or about September 23, 2019, Defendants terminated Mr. Fasano by meeting with him and emailing Mr. Fasano, indicating he was finished with Defendants.  Defendants emphasized in the email to Mr. Fasano that his

termination was "without cause," and that Mr. Fasano's last day would be October 15, 2019 – a mere two weeks' notice for a managerial employee who had dedicated eighteen (18) years of exemplary service to Defendants.

5. Until he received Defendants' notice that they were terminating him, Mr. Fasano had no idea whatsoever that his employment was in jeopardy.  Until on or about  Monday, September 23, 2019, Defendants gave no indication to Mr. Fasano that they were in any way displeased with his performance, his financial results, or any other aspect of Mr. Fasano's employment.

6. Throughout the last three years of his employment with Defendants, Mr. Fasano heard various Defendants articulate concerns about fielding a more "youthful" managerial staff and that Defendants sought to "lower the age" of management.

7. Defendants were well aware of Mr. Fasano's age at the time of his termination – age 62 -- and were hiring other individuals to Defendants' leadership team far more junior in age than Mr. Fasano.

8. Mr. Fasano was aware of illegal and unethical conduct regarding various protected categories found in the New Jersey Law Against Discrimination on the part of Defendants' leadership team. For example, prior to Mr. Fasano's termination, at a national conference, Mr. Fasano heard a member of Defendants' leadership team boast how Defendants have effectively made management *"younger."*  The member of Defendants' leadership team immediately caught himself and stopped boasting when he realized that he was publicizing Defendants' blatant age discrimination.   The Defendants knew of

Mr. Fasano's knowledge of Defendants' potentially illegal and unethical conduct, and silenced him by terminating him.

9.  The method by which Defendants terminated Mr. Fasano -- offering, then backtracking, then re-offering, and ultimately. Rescinding, severance agreements is emblematic of the Defendants' retaliatory, discriminatory conduct:

   a.  At the time Defendants terminated Mr. Fasano in late September, 2019, other divisions of Defendants' company made overtures to Mr. Fasano to join them.   Defendants' rush to remove Mr. Fasano from employment was contrary to the interests in Mr. Fasano by other branches of their own Company's.  Rewrite.

   b.  On or about October 2, 2019, Defendants offered a  severance package to Mr. Fasano, including a sum of two hundred thirty-four thousand, one hundred eighty-five dollars and thirty cents ($234,185.30), plus other benefits.

   c.  On or about January 9, 2020, after much delay and discussion, Defendants increased their initial severance offer to three hundred five thousand ($305,000.00) dollars, plus other benefits.

   d.   On May 8, 2020, after several months of delay and discussions regarding specifics of the severance offer, Defendants reneged on its promise of three hundred five thousand ($305,000.00) dollars and reduced the severance offer to two hundred twenty thousand ($220,000.00) dollars – a decrease of close to thirty (30%) percent. Defendants claimed the decrease of eighty-five thousand ($85,000.00)

dollars was necessary because of "current revenues, industry declines, and decrease[sic] stock value relating to COVID-19."   Defendants' reasons for reneging on its prior offer and decreasing the severance amount were entirely pre-textual, attempting to mask Defendants' utter lack of good faith, and their desire to discriminate against Mr. Fasano.

e.  Notwithstanding the sham reasons for reneging on its severance offer, Mr. Fasano was willing to accept the original offer of two hundred thirty-four thousand, one hundred eighty-five dollars and thirty cents ($234,185.30), plus other benefits.  Again, after long delays and discussions, adding insult to injury, on or about October 21, 2020, Defendants agreed to the payment of two hundred thirty-four thousand, one hundred eighty-five dollars and thirty cents ($234,185.30),  but also introduced installment payments to the mix (four quarterly), and, incredibly, extending a two-year Non-Solicitation Agreement against Mr. Fasano that began on October 15, 2019,  to begin upon execution of the severance offer.  Defendants thus decreased its severance offer, changed the method of payment to installment payments, and increased Mr. Fasano's Non-Solicitation Agreement from its original, contractual two years, to at least three years.

f.  In keeping with its deceptive, discriminatory practices against Mr. Fasano, on or about February 23, 2021, after much delay and discussion, Defendants reneged completely upon any amount of a severance offer. In doing so, Defendants, through Defendants' attorney, audaciously

claimed the following as their justification for literally kicking Mr. Fasano when he was down: "Given the substantial passage of time without hearing from him, however, [Defendants] had come to the conclusion that Mike did not need or did not want the severance offered and, unfortunately, I no longer have authority to agree."

g. Defendants' bad faith dealings with Mr. Fasano's employment were only matched by Defendants' bad faith dealings with Mr. Fasano's severance offer. At no time did Mr. Fasano articulate anything but a desire to amicably part ways with Defendants, in a manner befitting a loyal, dedicated and committed employee of eighteen (18) years. Instead, Defendants cruelly pulled the rug from under Mr. Fasano, not one time, with regard to his termination from Defendants' employ, but twice, with regard to Defendants' wholesale default on their severance promises to Mr. Fasano.

h. With regard to the pre-textual and discriminatory reasons for Defendants' reneging upon its entire offer, Defendants were well aware that it was never Mr. Fasano's intention to allow Defendants to bind him to a greater burden of a Non-Solicitation Agreement after being treated so cruelly. Defendants are also fully aware that Mr. Fasano never suggested that he neither "needed nor wanted" the severance sum of two hundred thirty-four thousand, one hundred eighty-five dollars and thirty cents ($234,185.30). Again, Defendants continued their "adding insult to injury" campaign against Mr. Fasano.

**FIRST**
**COUNT**

*(Retaliation in Violation of the NJLAD)*

10. Mr. Fasano hereby incorporates paragraphs 1 to 9 as if set forth fully herein.

11. Mr. Fasano's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD") to be free from reprisals for engaging in protected conduct was violated in a most egregious manner which conduct was knowing and intentional and as a result of which Mr. Fasano has been severely harmed and suffers damages.

12. The retaliatory conduct involved the active participation of upper management or the willful indifference of same, was especially egregious, occurred with actual malice and was in knowing and deliberate violation of Mr. Fasano's rights.

WHEREFORE, Mr. Fasano demands judgment against Defendants, jointly, severally, and seeks the following relief: compensatory damages, back pay, front pay, emotional distress, punitive damages, pre- and post-judgment interest, attorneys' fees, costs of suit, and such other relief as is just and equitable.

## SECOND
## COUNT

### *(Age Discrimination in Violation of the*
### *NJLAD)*

13. Mr. Fasano hereby incorporates paragraphs 1 to 12 as though set forth fully
herein.

14. Mr. Fasano was sixty-two (62) years old at the time of his termination.

15. Mr. Fasano was performing his duties in an above satisfactory manner as
evidenced by his consistent promotions, growth, raises and bonuses.

16. Mr. Fasano' termination was a pretext for age discrimination

17. Defendants' treatment of Mr. Fasano was not unique.  Numerous individuals
over the age of fifty (50) with decades of years in Defendants' employ had their
employment terminated for pre-textual reasons.

18. Mr. Fasano was one of other  managers in Defendants' employ who, based
upon information and belief, were middle age men in their fifties and sixites
who collectively had close to a hundred years of service to the Defendants.
Based on information and belief, none of these managers – including Mr.
Fasano -- remain employed by Defendants.

19. Mr. Fasano was terminated under circumstances that would give rise to an
inference of discrimination.

20. Mr. Fasano' age was a determinative factor in Defendants' terminating Mr.
Fasano' employment.

21. Defendants' termination of Mr. Fasano' employment violates the NJLAD.

22. The conduct involved Defendants' upper management and was egregious, willful, wanton, and in reckless disregard of Mr. Fasano' rights, for which punitive damages are appropriate.

WHEREFORE, Mr. Fasano demands judgment against Defendants, jointly, severally, and seeks the following relief:  compensatory damages, back pay, front pay, emotional damages, punitive damages, pre- and post-judgment interest, attorneys' fees, costs of suit, and such other relief as is just and equitable.

## **THIRD COUNT**

### *(Wrongful Termination)*

23. Mr. Fasano hereby incorporates paragraphs 1 to 22 as though set forth fully herein.

24. Mr. Fasano was aware of the Defendants' upper management team seeking to rid the Company of older employees. Defendants upper management team knew that Mr. Fasano was aware of their discriminatory motives.

25. Defendants terminated Mr. Fasano's employment due to his knowledge of Defendants' discriminatory activity set forth above.

26. Defendants' actions violated the public policy of the State of New Jersey.

27. The retaliatory conduct involved the active participation of upper management or the willful indifference of same, was especially egregious, occurred with actual malice and was in knowing and deliberate violation of Mr. Fasano' rights.

28. As a direct and proximate result of Defendants' retaliation against Mr. Fasano, which retaliation was substantially motivated by his protected conduct, Mr. Fasano's right to be free from retaliation has been violated, as a result of which Mr. Fasano has been damaged.

WHEREFORE, Mr. Fasano demands judgment against Defendants, jointly, severally, and seeks the following relief:   compensatory damages, back pay, front pay, emotional distress, punitive damages, pre- and post-judgment interest, attorneys' fees, costs of suit, and such other relief as is just and equitable.

## FOURTH COUNT
### (Violation of Implied Covenant of Good Faith and Fair Dealing)

29. Mr. Fasano hereby incorporates paragraphs 1 to 28 as if set forth fully herein.

30. Defendants' callous disregard of Mr. Fasano's contractual rights and ultimate termination epitomizes bad faith.

31. Defendants' post-termination treatment of Mr. Fasano wherein Defendants withdrew the severance agreement epitomizes bad faith.

32. Defendants' violation of the implied covenant of good faith and fair dealing caused Mr. Fasano to suffer economic damages.

WHEREFORE, Mr. Fasano demands judgment against Defendants, jointly, severally, and seeks the following relief:   compensatory damages, back pay, front pay, emotional distress, punitive damages, pre- and post-judgment interest, attorneys' fees, costs of suit, and such other relief as is just and equitable.

## **FIFTH COUNT**
### *(Defamation)*

33. Mr. Fasano Mr. Fasano hereby incorporates paragraphs 1 to 32 as if set forth fully herein.

34. In the course of terminating Mr. Fasano, Defendants spread false and malicious messages throughout the Defendants' company about Mr. Fasano and the reasons for Defendants' termination of Mr. Fasano.

35. Defendants' false and malicious messages spread throughout the industry in which Mr. Fasano has made a living.

36. As a result of Defendants' defamatory statements  about Mr. Fasano, Mr. Fasano has suffered damage to his professional reputation and financial damage.


WHEREFORE, Mr. Fasano demands judgment against Defendants, jointly, severally, and seeks the following relief:   compensatory damages, back pay, front pay, emotional distress, punitive damages, pre- and post-judgment interest, attorneys' fees, costs of suit, and such other relief as is just and equitable.

## JURY
## DEMAND

Mr. Fasano demands a trial by jury on all issues by a jury.

## DESIGNATION OF TRIAL COUNSEL

Philip E. Stern, Esq. is hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that to the best of his knowledge or belief, this matter

is not the subject of any other action or a pending arbitration proceeding, and no other action

or arbitration proceeding is contemplated.


DIFRANCESCO, BATEMAN, KUNZMAN,
DAVIS, LEHRER & FLAUM, P.C.
Attorneys for Plaintiff


By: *Philip E. Stern*
_____
PHILIP E. STERN

Dated:  July 2, 2021

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-004354-21

**Case Caption:** FASANO MICHAEL  VS MARCUS &
MILLICHAP R EAL ESTAT

**Case Initiation Date:** 07/02/2021

**Attorney Name:** PHILIP E STERN

**Firm Name:** DI FRANCESCO BATEMAN

**Address:** 15 MOUNTAIN BLVD

WARREN NJ 070595686

**Phone:** 9087577800

**Name of Party:** PLAINTIFF : Fasano, Michael

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Michael Fasano?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
      **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
      **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO



I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/02/2021                                                                          /s/ PHILIP E STERN
Dated                                                                              Signed

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK      NJ 07601-7680
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   JULY 02, 2021
                        RE:     FASANO MICHAEL  VS MARCUS & MILLICHAP R EAL ESTAT
                        DOCKET: BER L -004354 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ESTELA M. DE LA CRUZ

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (201) 527-2600.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                            ATT: PHILIP E. STERN
                            DI FRANCESCO BATEMAN
                            15 MOUNTAIN BLVD
                            WARREN          NJ 07059-5686


ECOURTS

# EXHIBIT B

Philip E. Stern Esq. (Atty. No. 003641990)
**DIFRANCESCO, BATEMAN, KUNZMAN,**
**DAVIS, LEHRER & FLAUM, P.C.**
15 Mountain Boulevard
Warren, NJ 07059-5686
(908) 757-7800
Attorneys for Plaintiff, Michael Fasano

|  |  |
|---|---|
| MICHAEL FASANO,<br><br>       Plaintiff,<br><br>v.<br><br>MARCUS & MILLICHAP REAL ESTATE<br>INVESTMENT SERVICES, INC., ITS<br>PARENT AND SUBSIDIARY ENTITIES;<br>HESSSAM NADJI, IN HIS<br>PROFESSIONAL CAPACITY AND<br>PERSONALLY; J.D. PARKER, IN HIS<br>PROFESSIONAL CAPACITY AND<br>PERSONALLY; JOHN DOES 1-10; JANE<br>DOES 1-10; ABC CORPORATIONS,<br>(FICTITIOUS CORPORATIONS 1-10),<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  BERGEN COUNTY<br>DOCKET NO.:  BER-L-004354-21<br><br><br>Civil Action<br><br>**ACKNOWLEDGMENT OF SERVICE** |

Service of the Complaint and Jury Demand in the above captioned matter is acknowledged this 3rd day of August 2021, on behalf of Defendants, Marcus & Millichap Real Estate Investment Services, Inc., Hesssam Nadji, and J.D. Parker.

　　　　　　　　　　　　**OGLETREE, DEAKINS, NASH,**
　　　　　　　　　　　　**SMOAK & STEWART, P.C**
　　　　　　　　　　　　*Attorneys for Defendants*

　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　Jocelyn A. Merced, Esq.

Dated: August 3, 2021

# EXHIBIT C

Jocelyn A. Merced, Esq.
**OGLETREE, DEAKINS, NASH**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 656-1600 (Telephone)
(973) 656-1611 (Facsimile)
Jocelyn.Merced@ogletreedeakins.com
*Attorneys for Defendants*
*Marcus & Millichap Real Estate Investment Services, Inc.;*
*Hessam Nadji and J.D. Parker*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL FASANO,    : | |
|                   : | Civil Action No. _____ |
|            Plaintiff,    : | |
|                   : | |
| v.    : | |
|                   : | |
| MARCUS & MILLICHAP REAL ESTATE    : | **CERTIFICATION OF BRENDA KENT** |
| INVESTMENT SERVICES, INC., ITS    : | |
| PARENT AND SUBSIDIARY ENTITIES;    : | |
| HESSAM NADJI, IN HIS    : | |
| PROFESSIONAL CAPACITY AND    : | |
| PERSONALLY; J.D. PARKER, IN HIS    : | |
| PROFESSIONAL CAPACITY AND    : | |
| PERSONALLY; JOHN DOES 1-10; JOHN    : | |
| DOES 1-10; JANE DOES 1-10; ABC    : | |
| CORPORATIONS. (FICTITIOUS    : | |
| CORPORATIONS 1-10),    : | |
|                   : | |
|            Defendants.    : | |

**BRENDA KENT**, of full age, certifies as follows;

1.      I am employed by Marcus & Millichap Real Estate Investment Services, Inc. ("M&M") in the position of Human Resources Manager.

2.      I submit this certification in support of Defendants M&M; Hassam Nadji and J.D. Parker's ("Defendants") Notice of Removal based upon my personal knowledge and/or my review of company records.

3.      Plaintiff onboarded with M&M on February 28, 2002 as an independent contractor real estate agent and remained an agent until December 6, 2004.  On December 6, 2004, Plaintiff was hired as an M&M employee for the position of Regional Manager of the Fort Lee, New Jersey office.  On or about June 3, 2013, Plaintiff became the Regional Manager of M&M's Atlanta, Georgia office and remained employed as Regional Manager of the Atlanta office until he was terminated from this role on September 25, 2019.  On September 25, 2019, Plaintiff became an independent contractor real estate agent, once again, until November 19, 2019 when his association with M&M was terminated.

4.      Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's M&M Confidential Personnel Report ("CPR") executed by Plaintiff on June 16, 2015, confirming his change of address to 60 Perimeter Center West, #615, Atlanta, GA 30346.

5.      Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's change of address which Plaintiff personally entered into M&M's ADP Workforce Now system ("Workforce Now") on October 11, 2017. Plaintiff updated his address in Workforce Now from 60 Perimeter Center West #615, Atlanta, GA, 30346 to 4561 Olde Perimeter Way, Unit 1008, Atlanta, GA 30346.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Brenda Kent

Date: September ⎸ , 2021

# EXHIBIT 1

# Marcus & Millichap

**CONFIDENTIAL PERSONNEL REPORT (CPR) – EMPLOYEE**
*Navigate the form using the* ↑ ↓ *arrow keys*

| Employee Name: | **FASANO, MICHAEL, J.** | | | Position Level: | Level |
|---|---|---|---|---|---|
| Position Title: | **FVP/RM** | Eff. Date: **06/16/2015** | | Office #: **023** | Corp Dept #: **100230** |

### New Hire[1] (attach the fully approved RAF)

| | |
|---|---|
| Home Address: | Click here to enter text. |
| Home Phone: | Click here to enter text. |
| Birth Date: | mm/dd/yy |
| Cell Phone: | Click here to enter text. |
| Spouse: | Name |
| ☐ Salary (if exempt) $$ | |
| ☐ Rate (if hourly) $$ | |
| ☐ Full Time   ☐ Part-time   ☐ Regular   ☐ Temporary | |
| Hours Per Week: Hours | |

### Emergency Contact Information

| | |
|---|---|
| Emergency Contact Name: Name | Relationship to Contact: Relationship |
| Contact Address: Click here to enter text. | |
| Contact Work Phone: Click here to enter text. | Contact Home Phone: Click here to enter text. |

### Separation

| | |
|---|---|
| Last Day Worked: | Salary to be paid through: |
| ☐ Voluntary (attach resignation letter)   ☐ Involuntary   ☐ Layoff | |
| Reason for voluntary termination: | |
| Severance Provisions (HR Use Only): | |

### Leaves

| Type: ☐ FMLA   ☐ Other | Pay: ☐ With Pay   ☐ Without Pay |
|---|---|
| Last Day Worked: mm/dd/yy | Date of Return: mm/dd/yyyy | Total Work Days Absent: ## |

### Employee Changes

| | | | | |
|---|---|---|---|---|
| ☐ Transfer: | Office: New Office | | Department: New Department | |
| ☐ Title/Job: | Title: Title | | Level: Position Level Change | |
| ☐ Salary: | Current = | % increase = | New Rate = | Other Comp: |
| ☐ Status: | ☐ Regular ☐ Temporary ☐ Full-time ☐ Part-time | | | |
| ☐ Name: | New Name | | | |
| ✓ Address: | **60 PERIMETER CENTER WEST, #615, ATLANTA GA 30346** | | | |
| ☐ Phone #: | Click here to enter text. | | | |

## Authorizing Signatures

| | | | |
|---|---|---|---|
| _(signature)_ | 6/16/15 | | |
| Employee Signature *(for new hire & changes only)* | Date | Dept/Regional Manager | Date |

## Additional Signatures as required

| | | | |
|---|---|---|---|
| Supervising Sr. VP | Date | Chief Financial Officer | Date |

## HR Use Only

ENTERED 6/18/15

[1] CFO only needs to sign the CPR for New Hires when the salary is different than what was approved on the final RAF.

RECEIVED

Rev. 8/14

# EXHIBIT 2

ADP

HOME   RESOURCES   MYSELF   PEOPLE   PROCESS   REPORTS   SETUP            Search

**Event Name**
Employee - Address

**Affected User Name**
MICHAEL FASANO

**Submit By**
MICHAEL FASANO

**Submit On**
10/11/2017 10:30 AM

| LABEL | ORIGINAL VALUE | NEW VALUE |
|---|---|---|
| Personal Address 1 | | |
| Use as Legal Address | Yes | Yes |
| Country | US | US |
| Address Line 1 | 60 PERIMETER CENTER WEST #615 | 4561 Olde Perimeter Way |
| Address Line 2 | | Unit 1008 |
| Address Line 3 | | |
| City | ATLANTA | Atlanta |
| County | | Dekalb County |
| State | GA | GA |
| Zip Code | 30346 | 30346 |

Click Approve or Reject

Comment

‹ BACK     APPROVE     DECLINE     VIEW ACTIVITY HISTORY

Privacy     Legal     Requirements     Product Feedback     About                    Copyright © 2017, ADP, LLC ALL RIGHTS RESERVED

Anthem
Sunlife D/V
Sunlife GI
CIC
NPG